*In re* JOHN A. COLE, *Petitioner, Appellant.*

No. 16,863.

SYLLABUS BY THE COURT.

1. HABEAS CORPUS—*Petitioner Released upon Security—Personal Presence at Hearing.* A court which issues a writ of habeas corpus and releases the petitioner from custody upon his giving security that he will comply with the orders thereafter made may hear and determine the validity of the officer's return when the petitioner appears by attorney only, or it may, in its discretion, refuse a hearing until the petitioner is personally present in court.

2. ―――― *Reasonable Time to Comply with Judgment—Forfeiture of Security.* Where the petitioner is released from custody upon the making of a cash deposit conditioned that he will comply with the subsequent orders of the court and abide its judgment, and where at the time set for a hearing the court requires the petitioner to be personally present in court before a hearing upon a demurrer to the return of the officer will be had, the petitioner is entitled to a reasonable time thereafter in which to comply with the orders or requirements of the court before a forfeiture of the cash deposit is adjudged.

Appeal from Saline district court. Opinion filed February 11, 1911. Reversed.

*David Ritchie,* for the appellant.
*Frank T. Knittle,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.:   This is an appeal from a ruling made in a habeas corpus proceeding and in an incidental proceeding of forfeiture.

It appears that on information that J. A. Cole had committed an offense in the state of Nebraska the sheriff of Saline county arrested him without a warrant.   On the application of Cole a writ of habeas corpus was granted by the district court, and when he was brought before the court the sheriff was given

7—84 KAN.

ten days in which to make his return to the writ, and
it was further ordered that Cole might be released
from custody upon giving a bond conditioned that he
would comply with the orders of the court and abide
its judgment, or that, in lieu of a bond, he might make
a cash deposit of $500, to be forfeited upon failure
to comply with the conditions mentioned.  Within ten
days the sheriff made a return stating that since the
arrest of Cole he had received an executive warrant
which recited, among other things, that in a complaint
filed in Nebraska Cole stood charged with the offense
of child stealing.  After the return, and upon the day
fixed for the hearing of the writ, the attorney for Cole
demurred to the return of the sheriff and asked for
the discharge of the petitioner because the return on
its face showed no authority for arresting and hold-
ing him.  The court declined to hear the demurrer
unless the attorney brought Cole into court.  It was
admitted that Cole was not in the city or county on
that day and could not be produced, and thereupon
the court directed the sheriff formally to call Cole,
which was done, and as he did not come into court the
cash deposit was at once forfeited.  Complaint is made
of the refusal of the court to hear the demurrer, and
also of its ruling declaring the forfeiture.

Having given security to abide the orders and judg-
ment of the court, the petitioner contends that he was
entitled to challenge the validity of the return upon
the appearance of his attorney, and without his own
presence in court.

It is a common practice in this court to hear ques-
tions of law arising on the return of officers in habeas
corpus proceedings without the personal presence of
the petitioners, and especially if they have given bond
conditioned that they will comply with the orders and
judgment of the court.  Whether a court will so pro-
ceed is largely a matter within its own discretion.

*In re* Cole.

The code provides that "the court or judge may make any temporary orders in the cause or disposition of the party during the progress of the proceedings that justice may require." (Civ. Code, § 707.) Ordinarily, where a bond is given the sufficiency of the return or process may be tested without the presence of the petitioner, but if there are circumstances tending to show that the release from custody was obtained by the petitioner in order to escape the penalties of the law, and that he does not intend to comply with the orders or judgment of the court if they are adverse to him, the court may very properly decline to take up or try any feature of the case until he is personally present. What the circumstances of this case were, or what were the reasons which caused the court to require the presence of the petitioner before hearing his demurrer, are not stated in the record, and in the absence of such a showing it can not be said that the court abused its discretion or acted unjustly.

The action of the court in declaring a forfeiture was somewhat precipitate. The conditions of the obligation of the petitioner were that he would comply with the orders and judgment of the court. According to the record no order or judgment was made except to refuse a hearing and declare a forfeiture. Instead of giving a reasonable time in which to appear or suffer a forfeiture of the $500 deposited, the court, after declining to hear the demurrer, had the petitioner called three times, and, as he did not appear, adjudged the forfeiture. In view of the general practice which prevails in such hearings, and the conditions on which the petitioner was released, the forfeiture should not have been adjudged until he had failed to comply with some order of the court. He was entitled to a reasonable time and opportunity to comply with the order or judgment rendered, and thus save the forfeiture of his deposit.

The requirement that he should be personally present and the forfeiture were practically coincident, and hence we conclude that the ruling adjudging a forfeiture was erroneous, for which the judgment is reversed and the cause remanded for further proceedings.